■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CIAN ALEXANDER, Appellant. [2 NYS3d 783]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Michael Sonberg, J.), rendered on or about April 16, 2013, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive,

it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Friedman, J.P., Sweeny, Saxe, Feinman and Clark, JJ.

■ WILSON HEREDIA, Plaintiff, v 1454 ST. NICHOLAS AVENUE ASSOCIATES et al., Defendants/Third-Party Plaintiffs-Appellants. APICELLA FISH CO. OF N.Y. INC., Third-Party Defendant-Respondent. [5 NYS3d 23]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered July 15, 2013, which, insofar as appealed from as limited by the briefs, granted third-party defendant tenant's motion for summary judgment dismissing the third-party cause of action for contractual indemnification for amounts that defendant/third-party plaintiff 1454 St. Nicholas Avenue Associates (owner) recovers from insurance, unanimously reversed, on the law, without costs, and the motion denied. Appeal from order, same court and Justice, entered April 14, 2014, which, insofar as appealable, denied defendants/third-party plaintiffs' motion for renewal of the July 15, 2013 order, unanimously dismissed, without costs, as academic.

Plaintiff, an employee of tenant, was allegedly injured on premises leased from the owner. Paragraph 46 of the rider to the lease unambiguously requires, inter alia, that "tenant shall indemnify owner for, and hold owner harmless and free from damages sustained by person or property." Even if we were to agree with tenant's contention that paragraph 46 to the rider was ambiguous, the remedy would not be to render it a nullity as tenant urges, but to admit extrinsic evidence to determine its meaning. In either event, tenant's motion for summary judgment should have been denied. Concur—Friedman, J.P., Sweeny, Saxe, Feinman and Clark, JJ.